UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

ZETACHEM USA, INC.,

       Plaintiff,

                                      Civil No. 04-1383-HA

  v.

DELLINGER FINANCIAL SERVICES, et al.,        O R D E R

       Defendants.

HAGGERTY, Chief Judge:

      Defendant John R. Olsen (defendant) moves for an Order dismissing the Complaint against him or quashing the summons on grounds of insufficient service (Doc. # 15). For the following reasons, this motion is denied.

      Plaintiff filed the Complaint in this action against defendant and three other co-defendants on September 27, 2004. Service was attempted on defendant on October 14, 2004, through the efforts of process server Jeroy Robinson. Robinson delivered a copy of the summons and the Complaint to a residence at 11494 Cartersville Highway in Dallas, Georgia. The documents were left with defendant's

twenty-one-year-old daughter, Melanie Olsen. Although the parties dispute what Melanie Olsen was told by Robinson and what she in turn represented to him, plaintiff presents evidence suggesting that in October 2004 defendant had five telephone numbers listed under his name at the 11494 Cartersville Highway address, and also listed that address in his registration of an active Georgia corporation known as Grey Bear, Inc. Moreover, an investigator retained by plaintiff's counsel prepared a Comprehensive Report drawn from public records and commercially available data sources that indicated that defendant's "Active Address" was listed as 11494 Cartersville Highway, Dallas, Georgia, within several weeks of plaintiff's service. *See* Exhibits A, B, C and D to the Affidavit of Amanda T. Gamblin.

"Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Service of process in a federal action is governed by Rule 4 of the Federal Rules of Civil Procedure. The summons and Complaint must be delivered by a person who is not a party to the cause of action and who is at least eighteen years of age. Fed. R. Civ. P. 4(c)(2).

Rule 4(e) contains two provisions for effecting service upon an individual located in any judicial district in the United States:

(1)  pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the States; or

(2)  by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Service under Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation and internal quotation omitted). If "substantial compliance" with Rule 4 exists, actual notice may suffice to establish personal jurisdiction. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Service may be deemed proper if executed in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cantral Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950).

This court concludes that service in these circumstances was in substantial accordance with Fed. R. Civ. P. 4(e)(2). The substituted service executed at the Cartersville address was reasonable in light of the evidence known to plaintiff connecting defendant to the Cartersville property, particularly defendant's listing of that address as his residence in corporate filings, the maintenance of five telephone numbers in his name at that address, and the public records search that identified the address as defendant's residence. The recipient of the summons and Complaint, defendant's twenty-one-year-old daughter, plainly qualifies as a person of suitable age and discretion who resided on the Cartersville property, as required by Rule 4(e)(2).

Alternatively, this court also concludes that service was executed properly under Oregon law within the parameters of Rule 4(e)(1). Oregon permits service "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Oregon Rule of Civil Procedure 7D(1); *see also Stull v. Hoke*, 957 P.2d 173, 176 (Or. App. 1998) (citations omitted). For the reasons provided above, plaintiff's service of process is deemed to have been reasonably calculated, under all the circumstances,

to fairly apprise defendant of this action and to provide defendant a reasonable opportunity to appear and defend against it.

Moreover, plaintiff's argument that defendant also received actual notice regardless of any perceived failures to strictly comply with applicable service of process rules is well-taken. Undeniably, defendant received actual notice through his wife and daughter. Accordingly, the challenged service could be viewed as valid because of this actual notice, pursuant to Oregon Rule of Civil Procedure 7G. Rule 7G provides that a failure to comply with provisions of this rule shall not affect the validity of service if the court determines that the defendant received actual notice of the substance and pendency of the action.

CONCLUSION

For the reasons provided, defendant's Motion to Quash summons and/or Dismiss the Complaint (Doc. # 15) is DENIED.

IT IS SO ORDERED.

Dated this  16  day of August, 2005.

    /s/Garr M. King for
      Ancer L. Haggerty
      United States District Judge